Exhibit A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

| Southern District | District of | California |
|---|---|---|

In re    DOMI Publications, LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  20-10250-btb (Bankr. D. Nev.)

Chapter  7

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   George Rikos and the Law Offices of George Rikos
_____
*(Name of person to whom the subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
        see attached.

| PLACE   Sanford Heisler Sharp, LLP | DATE AND TIME |
|---|---|
| 655 W. Broadway, Ste. 1700, San Diego, CA 92101 | May 11, 2020 at 9 A.M. |

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   April 27, 2020

CLERK OF COURT

                                                                    OR

_____            _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
        Creditors Jane Does 1-22  , who issues or requests this subpoena, are:
Edward D. Chapin, 655 W. Broadway, Ste. 1700, San Diego, CA 92101, echapin2@sanfordheisler.com, 619-577-4253

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
  …

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## DEFINITIONS

1. <u>YOU and/or YOUR</u>. This term means George D. Rikos, the Law Office(s) of George D. Rikos, and any of its agents, representatives, and/or attorneys.

2. <u>DOMI and/or DOMI'S</u>. This term means Domi Publications, LLC, and any of its agents, representatives, and/or attorneys.

3. <u>COMMUNICATIONS</u>. This term means oral and written communications made or attempted by any means, including, without limitation, by telephone, **e-mail, text-message, iMessage,** online messaging application, memorandum, letter, written or voice message, telegram, telex, facsimile, or in person or in any other instance in which information was or is transmitted from one PERSON to another through any means whatsoever, together with all documents on which such communications are recorded, memorialized, summarized, or described. This term includes but is not limited to, those COMMUNICATIONS between and/or among: YOU, DOMI, Douglas Wiederhold, Michael Pratt, Clyde DeWitt, Aaron Sadock, Daniel Kaplan, Matthew Zirzow, Ryan Somavia, Noam Glick, Matthew Wolfe, or any of the above individual or entities' agents, representatives, or attorneys.

4. <u>DOCUMENTS</u>. This term means any kind of printed, recorded written, graphic, photographic, magnetic, or electronic matter (including, without limitation, audio, video, digital, or electronic recordation, such as computer memories, tapes, discs, and any other material for computer use), however printed, produced, reproduced, coded, or stored, of any kind or description, regarding of author or original and whether or not sent or received, including originals, copies, reproductions, facsimiles, drafts, and both sides thereof.

5. <u>WIEDERHOLD ENTITIES</u>. This term means Outlier Productions, LLC, Free Spirit Partners, LLC, DWRS Marketing, LLC, Las Vegas Cybernet Power Marketing, LLC, Mind Matrix Ventures, LLC, and/or Rare Man Apparel, LLC.

6. <u>STATE COURT ACTION.</u> This term means the three consolidated cases, *Jane Does Nos. 1 – 22 v. GirlsDoPorn.com, et al.* in San Diego Superior Court (Case Nos. 37-2016-00019027-CU-FR-CTL, 37-2017-00033321-CU-FR-CTL, 37-2017-00043712-CU-FR-CTL) and the appellate case pending before the California 4th District Court of Appeal, Division 1 (Case No. D074514).

## DOCUMENT REQUESTS

1.   All DOCUMENTS and COMMUNICATIONS (including those on which YOU were cc'd or copied or otherwise received, even if you did not take part in the substantive discussion) in YOUR possession, custody or control regarding or related to the following topics:

   a.   Jane Doe Nos. 1-22 settlement offers and Cal. Code Civ. Proc. § 998 offers in the STATE COURT ACTION;

   b.   The transfer of Michael Pratt's interest in DOMI to Douglas Wiederhold and/or DOMI;

   c.   Financial transfers from DOMI to Douglas Wiederhold, Ryan Somavia, Michael Pratt, Matthew Wolfe, their agents, representatives, or attorneys, and/or any entities

owned, partially owned, controlled or partially controlled by Wiederhold, Somavia, Pratt, and/or Wolfe, directly or indirectly;

d.   Financial transfers from DOMI and/or Douglas Wiederhold to the WIEDERHOLD ENTITIES, directly or indirectly;

e.   The amount, payment, reduction, increase, or collection of YOUR legal fees and costs in representing DOMI in the STATE COURT ACTION;

f.   Financial transfers to the WIEDERHOLD ENTITIES between and/or among: Douglas Wiederhold, Pratt, Matthew Wolfe, Ryan Somavia and/or their agents, representatives, or attorneys; and

g.   The testimony or prospective testimony of any MomPOV.com model, including but not limited to Tara Burns and Nicole Doucette, in the trial of the STATE COURT ACTION;

h.   YOUR legal strategy representing DOMI in the STATE COURT ACTION; and

i.   DOMI'S consideration of and/or filing of bankruptcy.

2.   All YOUR invoices and accounting records for legal services and costs in the STATE COURT ACTION.

3.   YOUR retainer agreement and any amendments or modifications thereto with DOMI and/or Douglas Wiederhold for the STATE COURT ACTION.

4.   All conflict waivers signed by any person or entity relating to YOUR services in the STATE COURT ACTION.

5.   DOMI'S and/or Douglas Wiederhold's joint defense or similar agreement with other defendants in the STATE COURT ACTION.

6.   All YOUR COMMUNICATIONS with Lawrence G. Walters and/or Walters Law Group regarding their testimony and expert costs in the STATE COURT ACTION.

7.   All COMMUNICATIONS between YOU and Noam Glick, Daniel Kaplan, or Aaron Sadock regarding YOU representing DOMI in in the STATE COURT ACTION.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern District _____   District of _____ California _____

In re _____ DOMI Publications, LLC _____   Case No. _ 20-10250-btb (Bankr. D. Nev.) _

_____ Debtor _____   Chapter _____ 7 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ___ George Rikos and the Law Offices of George Rikos _____

*(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Sanford Heisler Sharp, LLP<br>655 W. Broadway, Ste. 1700, San Diego, CA 92101 | May 11, 2020 at 9 A.M |

The examination will be recorded by this method: ____ video and stenographic means. _____

[ ] *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _ April 27, 2020 _

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_ Creditors Jane Does 1-22 _____ , who issues or requests this subpoena, are:

Edward D. Chapin. 655 W. Broadway, Ste. 1700, San Diego, CA 92101. echapin2@sanfordheisler.com. 619-577-4253

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)



Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
April 13, 2020

1  Robert S. Larsen (Bar No. 7785)
   GORDON REES SCULLY MANSUKHANI LLP
2  300 S. 4th Street, Suite 1550
   Las Vegas, NV 89101
3  Telephone: (702) 577-9300
   Facsimile: (702) 255-2858
4  Email: rlarsen@grsm.com

5  Jeffrey D. Cawdrey (CA BN 120488)
   GORDON REES SCULLY MANSUKHANI LLP
6  101 West Broadway, Suite 2000
   San Diego, CA 92101
7  Telephone:    (619) 696-6700
   Facsimile:    (619) 696-7124
8  Email: jcawdrey@grsm.com

9  Attorneys for Creditors
   Jane Does Nos. 1 through 22
10

11              UNITED STATES BANKRUPTCY COURT
                     DISTRICT OF NEVADA
12  In Re                              )  CASE NO. 20-10250-btb
                                       )
13  DOMI PUBLICATIONS, LLC,            )  Chapter 7
                                       )
14               Debtor,               )  **ORDER GRANTING** *EX PARTE*
                                       )  **MOTION FOR RULE 2004**
15                                     )  **EXAMINATION OF GEORGE**
                                       )  **RIKOS AND THE LAW OFFICES**
16                                     )  **OF GEORGE RIKOS**
                                       )
17  _____)

18          The Court having reviewed the Ex Parte Motion For 2004 Examination of George Rikos

19  and the Law Offices of George Rikos ("Motion") filed by creditors Jane Does 1 through 22 (the

20  "Jane Does"), by and through its counsel of record Robert S. Larsen and Jeffrey D. Cawdrey of

21  the law firm Gordon Rees Scully Mansuhkani, LLP, and for good cause appearing:

22          **IT IS HEREBY ORDERED** that the Motion is **GRANTED.**

23          **IT IS FURTHER ORDERED** that George Rikos and the Law Offices of George

24  Rikos shall appear for an examination under oath before a certified court reporter at a time,

25  place, and date to be mutually agreed upon by the parties, or if no such agreement is reached,

-1-

1    upon no less than fourteen (14) calendar days' written notice by the Jane Does, pursuant to

2    FED. R. BANKR. P. 2004, and relating to the acts, conduct, property, liabilities, and financial

3    condition of the Debtor; as to any matter which may affect the administration of the Debtor's

4    estate; and as to any matter permitted by FED. R. BANKR. P. 2004, including but not limited to

5    the matters specifically enumerated in the Motion.

6      **IT IS FURTHER ORDERED** that oral examination shall continue from day to day, as

7    necessary until completed.

8      **IT IS SO ORDERED**.

9

10   Prepared and submitted by:

11   Robert S. Larsen (Bar No. 7785)
     GORDON REES SCULLY MANSUKHANI LLP
12   300 S. 4th Street, Suite 1550
     Las Vegas, NV 89101
13

14   Jeffrey D. Cawdrey (CA BN 120488)
     GORDON REES SCULLY MANSUKHANI LLP
15   101 West Broadway, Suite 2000
     San Diego, CA 92101
16

17   *Attorneys for Jane Does 1 through 22*

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

1. On April 6, 2020 I served the following document(s) (specify):

**EX PARTE MOTION FOR RULE 2004 EXAMINATION OF
GEORGE RIKOS AND THE LAW OFFICES OF GEORGE RIKOS**

2.      I served the above-named document(s) by the following means to the persons as listed below:

☒ a.   ECF System

LENARD E. SCHWARTZER, trustee@s-mlaw.com; lbenson@s-mlaw.com; jelliott@s-mlaw.com; nv17@ecfcbis.com; clea11@trustesolutions.net; les@trustesolutions.net

U.S. TRUSTEE – LV – 7, USTPRegion17.LV.ECF@usdoj.gov

MATTHEW C. ZIRZOW on behalf of Debtor DOMI PUBLICATIONS, LLC, mzirzow@lzkclaw.com; carey@lzkclaw.com; trish@lzkclaw.com; sara@lzkclaw.com; carita@lzkclaw.com

   b.    United States mail, postage fully prepaid

DOMI Publications, LLC
10620 So. Highlands Pkwy., #110-334
Las Vegas, NV  89141

☐ c.   Personal Service

I personally delivered the document(s) to the persons at these addresses:

For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the documents(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the documents(s) in a conspicuous place in the office.

For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d.   By direct email (as opposed to through the ECF System)

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

⁻ e.   By fax transmission

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

⁻ f.   By messenger

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Signed on April 6, 2020:

Gayle Angulo                    /s/ Gayle Angulo
(NAME OF DECLARANT)             (SIGNATURE OF DECLARANT)

Exhibit B

MILBERG & DE PHILLIPS

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

FREDERIC J. MILBERG
RUSSELL M. DE PHILLIPS
ROY L. CARLSON, JR.

2163 NEWCASTLE AVENUE
SUITE 200
CARDIFF BY THE SEA, CALIFORNIA
92007-1824

(760) 943-7103
(619) 232-7103
FAX (760) 943-6750
www.m-dlaw.com

April 28, 2020

Via U.S. Mail and electronic mail to Trustee@S-MLaw.com
Lenard E. Schwartzer
Federal Bankruptcy Trustee
2850 S. Jones Blvd., Suite 1
Las Vegas, Nevada 89146

Re: In re DOMI PUBLICATIONS, LLC
United States Bankruptcy Court, District of Nevada
Case No. 20-10250-btb

Jane Does 1-22, et al v. GIRSLDOPORN.COM, et al
Superior Court of California, County of San Diego
Lead Case No. 37-2016-000190027-CU-FR-CTL

Doe, et al v. GIRSLDOPORN.COM, et al
California Court of Appeal, Fourth Appellate District, Division 1
Case No. D074514

Dear Trustee Schwartzer:

We represent George Rikos, attorney of record for DOMI PUBLICATIONS, LLC ("DOMI") in Jane Does 1-22, et al v. GIRSLDOPORN.COM, et al (the "Trial Case") and in Doe, et al v. GIRSLDOPORN.COM, et al (the "Appeal"), both referenced above. As Chapter 7 Trustee of DOMI, you have not instructed Mr. Rikos to perform any legal services for you in the Trial Case or in the Appeal. Nor have you provided Mr. Rikos any direction whatsoever in this regard. Two months ago, Mr. Rikos asked you to agree to relief from the stay so he could file a motion to be relieved as counsel for DOMI. You refused unless he spent considerable time and expense to provide you with records which you may obtain more easily from DOMI. On April 27, 2020, Judge Enright issued his Statement of Decision in the Trial Case. Mr. Rikos will take no action in the Trial Case unless he receives specific written instructions from you. Thank you.

Very truly yours,

MILBERG & DE PHILLIPS, P.C.

By
Russell M. De Phillips

RMD/mec
cc: Client

Exhibit C

In The Superior Court Of The State Of California

In And For The County Of San Diego

Department 73; Hon. JOEL WOHLFEIL, Judge


JANE DOE NOS. 1-14,                )
                                   )
                    Plaintiff,     )
                                   )
            vs.                    )   Case No.  37-2016-00019027
                                   )             CU-FR-CTL
GIRLSDOPORN.COM                    )
                                   )
                    Defendants.    )
_____)


REPORTER's TRANSCRIPT

OCTOBER 31, 2018

Appearances:

For the Plaintiff:      The Holm Law Group
                        12636 High Bluff Drive
                        San Diego, California 92130
                        Brian Holm, ESQ.

                        O'Brien Law Firm
                        750 B Street, #1610
                        San Diego, California 92101
                        John O'Brien, ESQ.

For the Defendants:     Panakos Law Center
                        555 West Broadway, #500
                        San Diego, California 92101
                        Aaron Sadock, ESQ.

                        Law Offices of Daniel Kaplan
                        555 West Beech Street, Ste. 230
                        San Diego, California 92101
                        Alexandra Byler, ESQ.

                        Law Office of George Rikos
                        225 Broadway, #2100
                        San Diego, California 92101
                        George Rikos, ESQ.

                        Sanford Heisler Sharp LLP
                        655 W. Broadway, #1700
                        San Diego, California 92101
                        Edward Chapin, ESQ.

1    In The Superior Court Of The State Of California

2     In And For The County Of San Diego

3    Department 73; Hon. JOEL WOHLFEIL, Judge

4

5 JANE DOE NOS. 1-14,     )
              )
6       Plaintiff, )
              )
7    vs.      ) Case No. 37-2016-00019027
              )     CU-FR-CTL
8 GIRLSDOPORN.COM     )
              )
9       Defendants. )
   _____)

10

11      REPORTER's TRANSCRIPT

12      OCTOBER 31, 2018

13 Appearances:

14 For the Plaintiff:  The Holm Law Group
           12636 High Bluff Drive
15          San Diego, California 92130
           Brian Holm, ESQ.
16
           O'Brien Law Firm
17          750 B Street, #1610
           San Diego, California 92101
18          John O'Brien, ESQ.

19 For the Defendants:  Panakos Law Center
           555 West Broadway, #500
20          San Diego, California 92101
           Aaron Sadock, ESQ.
21
           Law Offices of Daniel Kaplan
22          555 West Beech Street, Ste. 230
           San Diego, California 92101
23          Alexandra Byler, ESQ.

24          Law Office of George Rikos
           225 Broadway, #2100
25          San Diego, California 92101
           George Rikos, ESQ.
26
           Sanford Heisler Sharp LLP
27          655 W. Broadway, #1700
           San Diego, California 92101
28          Edward Chapin, ESQ.

1

2     Darla Kmety, RPR, CSR 12956
          Official Court Reporter
3        San Diego Superior Court
      San Diego, California   92101
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   motion -- regardless, though, whether it's meritorious or
2   not, the SLAPP motion has continued for as long as that
3   one was without the moving party getting to a hearing
4   date.
5            That may reflect upon the court.  You all have
6   heard me try to balance the respective needs and interests
7   of your clients, and that was the end result.  But I'm not
8   inclined to continue the motion for summary judgment and
9   put the parties in the same position with respect to that
10  motion as the court ultimately did with the SLAPP motion.
11           I agree with counsel for the moving party, they
12  are entitled to a ruling.  And I'm not pre-judging
13  anything.  I've got a much better idea of what the claims
14  and defenses are at this point than I was a year ago when
15  you first walked into my department.  But I need to look
16  at the specific evidence that is filed in support of, or
17  in opposition of the motion, and determine whether there
18  are triable issues of material fact.
19           So the application to continue the hearing on a
20  motion for summary judgment because of Mr. Stevens or
21  Mr. Pratt is denied.  I'm not persuaded that in this case
22  plaintiffs have shown good cause.
23           Now, I want to circle back to -- I guess I
24  missed that in the papers -- about the desire by
25  plaintiffs to take the deposition of opposing counsel.
26  And there may be a difference of opinion among my
27  colleagues and I.  I doubt there's a whole lot of
28  disagreement.  But I cannot begin to emphasize how

1    reluctant I am to allow a lawyer to become a witness in
2    this case.  And at the moment one side or the other wants
3    to schedule counsel's deposition, you are characterizing
4    him or her or they as a witness.
5            The court will not, absent an awfully good
6    reason to the contrary, allow that to occur in this
7    department.  This case is about your respective clients,
8    the parties.  It's not about the lawyers.
9            Now, having said that, for one reason or
10   another, it has occurred to the court that more -- one or
11   more of the lawyers involved in this case have become
12   invested.  I'm not going to speculate on why one or more
13   lawyers may have become as invested in this case as you
14   have.
15           In the court's experience, when lawyers become
16   as invested personally and emotionally in the cases, as
17   one or more of you have in this case, invariably there is
18   what I call collateral damage to lawyers.  I try very hard
19   to avoid lawyers becoming collateral damage.  And every
20   single one of you know exactly what I'm talking about.
21           So a request to take opposing counsel's
22   deposition for any purpose is denied, much less as a basis
23   to continue defendant's motion for summary judgment.
24           All right.  Let me go back to plaintiff's side.
25   Is there any issues that we've missed that we still need
26   to address?
27           MR. HOLM:  I just want to make sure this court
28   is preemptively denying any request by any of the parties

1    STATE OF CALIFORNIA

2    COUNTY OF SAN DIEGO

3

4

5         I, Darla Kmety, Court-Approved Official Pro Tem

6    Reporter for the Superior Court of the State of

7    California, in and for the County of San Diego, do hereby

8    certify:

9

10        That as such reporter, I reported in machine

11    shorthand the proceedings held in the foregoing case;

12

13        That my notes were transcribed into typewriting

14    under my direction and the proceedings held on

15    October 31, 2018, contained within pages 1 through 55 are

16    a true and correct transcription.

17

18

19        This 19th day of November, 2018.

20

21

22

23                               _____

24                      Darla Kmety, CSR 12956

25

26

27

28