Heather L. Rosing, Bar No. 183986
Earll M. Pott, Bar No. 156516
Tara R. Burd, Bar No. 276676
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
hrosing@klinedinstlaw.com
epott@klinedinstlaw.com
tburd@klinedinstlaw.com

Attorneys for George Rikos and the Law
Offices of George Rikos

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DOMI Publications, LLC,<br><br>        Debtor. | U.S.D.C Case No.: **'20 CV0871 JAH BLM**<br><br>Bankruptcy Case No.: 20-10250-btb<br>(Bankr. D. Nev.)<br><br>Chapter 7<br><br>**DECLARATION OF GEORGE RIKOS IN SUPPORT OF DOMI PUBLICATIONS, LLC'S MOTION TO QUASH OUT OF DISTRICT SUBPOENA**<br><br>Date:        Not yet set.<br>Time:        Not yet set.<br>Crtrm.:        Not yet set. |

I, George Rikos, do hereby declare:

1.      I am an attorney at law duly licensed to appear before all courts in the State of California and am the Principal of the Law Offices of George Rikos.

2.      I have personal knowledge of the following facts and, if called upon as a witness, could competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters,

1

1   I am informed and believe that they are true and correct.

2   **Procedural History**

3   3.   In or around August 2016, I was retained to represent DOMI

4   Publications, LLC, doing business as MomPOV.com ("DOMI") in San Diego

5   Superior Court Case No. 37-2016-00019027-CU-FR-CTL (Case 1), filed June 2,

6   2016.  In 2017, two additional lawsuits were filed which also named DOMI as a

7   defendant (San Diego Superior Court Case Nos. 37-2017-00033321- CU-FR-CTL

8   (Case 2) and 37-2017-00043712-CU-FR-CTL (Case 3). All three cases were

9   eventually consolidated and are hereinafter referenced collectively as the "State

10  Court Action."

11  4.   In 2018, DOMI filed an appeal which stayed the prosecution of Cases 2

12  and 3 against DOMI.

13  5.   When I was first retained by DOMI, DOMI consisted of two members,

14  Michael J. Pratt ("Pratt") and Douglas Wiederhold ("Wiederhold"). Pratt and

15  Wiederhold each owned 50% of DOMI.  During my entire representation of DOMI,

16  Pratt was separately represented by Aaron Sadock, Esq. and Daniel Kaplan, Esq.

17  Likewise, Wiederhold was separately represented by Clyde DeWitt, Esq.

18  6.   Pratt was an individual defendant in the State Court Action at all times.

19  7.   Wiederhold was added to Case 1 as a defendant and then summarily

20  dismissed without prejudice in October 2017. Wiederhold was also named as a

21  Defendant in Case No. 2, but was never served, never appeared, and was dismissed

22  at the outset of the trial.

23  8.   For the conservation of efforts and resources, the co-defendants and

24  their counsel, including DOMI and I, entered into a joint defense agreement at the

25  outset of the case. We were all defending the same causes of action, in the same

26  litigation. It was our understanding that we would work together on matters of

27  common interest, and that our communications concerning defense strategy would

28  be held in confidence.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

DECLARATION OF GEORGE RIKOS IN SUPPORT OF DOMI PUBLICATIONS, LLC'S
MOTION TO QUASH OUT OF DISTRICT SUBPOENA

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

9. In or around August 2019, Pratt sold his interest in DOMI to Wiederhold. I was not involved in the sale of Pratt's interest in DOMI, but am informed and believe that Pratt and Wiederhold were each separately represented by counsel during the sale.

10. It is my understanding and belief that Pratt is now a fugitive, facing an arrest warrant and federal charges. Neither DOMI nor Wiederhold are named in the criminal case.

11. In fall 2019, the State Court Action proceeded to a 99-day trial, resulting in a statement of decision in favor of the Plaintiffs. Although the pending appeal stayed Cases 2 and 3 against DOMI, Case 1 proceeded against DOMI and DOMI participated in the trial.

12. During the State Court Action, Creditors subpoenaed defense counsel five times. On one occasion, in or about May 10, 2019, Creditors issued a trial subpoena to co-defendant counsel, Aaron Sadock, for his personal appearance to testify at trial and to produce certain documents on June 14, 2018. Defendants filed a motion to quash the subpoena. The superior court granted the motion, in part, and denied Creditors' request to call Attorney Sadock as a witness at trial.

13. On January 16, 2020, DOMI filed Chapter 7 bankruptcy in the District of Nevada ("Bankruptcy"), which resulted in an automatic stay of the pending State Court Action and related appeal.

14. I was not involved in DOMI's decision to file for bankruptcy. To the contrary, I am a creditor, owed attorney's fees in excess of $100,000.

15. On April 6, 2020, the State Court Action Plaintiffs ("Creditors") filed an Ex Parte Motion for 2004 Examination of Rikos [Dkt #65] which was granted on April 13, 2020 [Dkt #70.] I was not afforded an opportunity to oppose the ex parte application.

16. On April 27, 2020, I was served with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a

3

1  Bankruptcy Case (or Adversary Proceeding) and Subpoena for Rule 2004

2  Examination (collectively, the "Subpoenas") commanding me to produce documents

3  and appear on May 11, 2020, constituting only 14 day notice. True and correct

4  copies of the subpoenas are attached hereto as Exhibit A.

5  **Control and Authority Over DOMI is Uncertain**

6      17.     The Subpoena directly implicates numerous privileges, including the

7  attorney client communication privilege, the attorney work product privilege, and

8  the joint-defense/common interest privilege.

9      18.     On April 28, 2020, I caused my separate counsel, Russell M. De

10  Phillips, Esq., to send a letter to the Bankruptcy Trustee, Lenard E. Schartzer, for

11  clarification as to what legal services, if any, he wants me to perform on behalf of

12  DOMI. A true and correct copy is attached as Exhibit B. As of the filing of this

13  declaration, no response has been received.

14      19.     On May 5, 2020, I received a copy of correspondence from the Trustee

15  purporting to waive DOMI's attorney client privilege.

16      20.     However, I am not certain that the Trustee's waiver is valid as to the

17  attorney client privilege, attorney work product privilege, or to my duty of

18  confidentiality.

19      21.     I am obligated by the California Rules of Professional Conduct, Rule

20  1.6, and Business and Professions Code section 6068 to maintain my client's

21  confidences.  As I understand it, this obligation precludes me from producing or to

22  discussing the confidential communications between me and my client, DOMI.

23      22.     I am further conflicted because any order to submit to the deposition of

24  the Creditors, would directly contradict earlier rulings by the California Superior

25  Court.  In the State Court Action, a motion was brought by the Plaintiff-Creditors to

26  take the deposition of opposing counsel.  During the hearing on October 31, 2018,

27  the Court stated:

28

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

DECLARATION OF GEORGE RIKOS IN SUPPORT OF DOMI PUBLICATIONS, LLC'S
MOTION TO QUASH OUT OF DISTRICT SUBPOENA

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

I cannot begin to emphasize how reluctant I am to allow a lawyer to become a witness in this case. And at the moment one side or the other wants to schedule counsel's deposition, you are characterizing him or her or they as a witness.

The court will not, absent an awfully good reason to the contrary, allow that to occur in this department. This case is about your respective clients, the parties. It's not about the lawyers.

* * *

So a request to take opposing counsel's deposition for any purpose is denied.

*See* Excerpts of Reporter's October 31, 2018 Transcript, attached hereto as Exhibit C.

23.     Additionally, the Creditors moved to lift the stay on the State Court Action, which was heard and granted on May 5, 2020. As such, I must continue to litigate the State Court Action and pending appeal, as DOMI's counsel of record.

24.     Also pending in the Bankruptcy Court is a Motion for Abstention under Section 305, filed by the United States Trustee, moving the court to abstain by dismissing the case, or, in the alternative, to dismiss the case for cause, and to direct the vesting of estate property in the State Court Receiver. [Dkt # 34.]  That motion is currently scheduled to be heard on July 28, 2020. If this motion is granted, the Bankruptcy action will be dismissed and, I understand, the current Trustee will no longer have any standing to act on DOMI's behalf.

25.     I am further frustrated by the San Diego Superior court's closures, resulting from the COVID-19 pandemic, currently scheduled to last through May 22, 2020, which prevents me from seeking any relief or clarity concerning the conflict between the trial court's orders and the purported waiver of privilege by the bankruptcy trustee.

## **The Breadth of the Subpoena is Unduly Burdensome**

26.     In addition to the privilege issues, the subpoena's requests are so overbroad and burdensome as to make it practically impossible to comply in 14 days, and economically oppressive to comply with at all.  For example, a key word

5

1   search for "Jane Doe" generated over 7400 responsive emails, and keyword search

2   for "DOMI" generated over 1100 responsive emails. The Subpoena's requests would

3   also require me to search for communications with every single individual involved

4   in the case, including the Creditor's multiple attorneys and staff, the other defense

5   counsel and staff, third party witnesses and their counsel, and the discovery referee.

6   My electronic trial folder alone has 22 gigabytes of pdfs, consisting of thousands of

7   pages of materials. The underlying trial included approximately 5,000 exhibits.

8          27.    The document requests also include what equates to the entire

9   underlying case file. The Register of Action for the State Court Action contains over

10  3000 entries and was heavy litigated.  All of these filed documents are already in the

11  possession of Plaintiff's creditors, and accessible by DOMI and the Trustee.

12         28.    The task of extracting and reviewing almost four years of email

13  communications, the underlying case file, and the other non-relevant documents

14  requested would take me hundreds of hours and directly prevent me from working

15  on other matters, resulting in a significant financial burden.  This burden is even

16  more profound in light of the financial stress I sustained by DOMI's decision to file

17  for bankruptcy protection while owing my firm over $100,000 in fees, and

18  compounded by the financial stress of the COVID-19 pandemic.

19         29.    I am the sole financial provider for my wife and four children.

20         30.    This subpoena has caused me to retain two law firms, Earll Pott, Esq.

21  and Russell De Phillips, Esq. and I have already invested over 10 hours of time

22  dealing with the issues stemming from a subpoena to conduct the deposition of

23  myself while I am still attorney of record for DOMI.  Such a situation is untenable.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

DECLARATION OF GEORGE RIKOS IN SUPPORT OF DOMI PUBLICATIONS, LLC'S
MOTION TO QUASH OUT OF DISTRICT SUBPOENA

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

**<u>DOMI's Financial Condition/Assets</u>**

31.    I have no knowledge as to what assets DOMI owns.  In particular, I was paid, as most attorneys, by check or wire transfer.  In the underlying litigation, I produced bank records and statements of DOMI's which are already in the possession of the Creditors.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed on this 8th day of May, 2020, at San Diego, California.

*George Rikos*
George Rikos

18408777.2

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101