UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE:**<br><br>**DOMI PUBLICATIONS, LLC.**. | Case No.: 20-cv-00871-JAH-BGS<br><br>**ORDER WITHDRAWING & MOOTING MOTION TO QUASH OUT OF DISTRICT SUBPOENAS**<br><br>*Underlying action pending in the Bankruptcy Court of Nevada*:<br>Case No. 20-10250-btb |

On May 8, 2020, George Rikos and the Law Offices of George Rikos ("Movants") filed a Motion to Quash Out of District Subpoenas issued by Creditors Jane Does 1–22 ("Creditors") in the underlying Bankruptcy action. (ECF No. 1.) The Court issued a briefing schedule on May 28, 2020, ordering the parties to address the substantive issues of the case as well as whether the motion should be transferred pursuant to Federal Rule of Civil Procedure 45(f). (ECF No. 5.)

On June 15, 2020, the parties filed a Joint Notice of Withdrawal of Subpoenas to George Rikos and Request to Withdraw Associated Motion to Quash. (ECF No. 8.) The parties inform the Court that the Creditors were withdrawing the subpoenas and plan to serve new subpoenas with a more narrowed scope. *Id.* at 2. The parties indicate that the

Motion to Quash is now moot and jointly request that the motion be withdrawn. *Id.* Additionally, the parties request the Court to vacate the scheduling order (ECF No. 5), the Court to retain jurisdiction to hear a refiled motion,[1] and the moving party to reserve the right to seek costs and fees incurred in the instant motion as well as any refiled motion. (ECF No. 8 at 2.)

Under Article II, § 2 of the Constitution, federal courts are courts of limited jurisdiction and can only decide cases where there is a case or controversy. "If there is no case or controversy, the case is moot and cannot be decided by a federal court." *Hardee v. United States,* No. 3:07MC64, 2007 WL 3037308, at *1 (W.D.N.C. 2007). In *Hardee*, the subject of the Motion to Quash, the summons, was no longer at issue since it had been formally withdrawn. *Id.* The Court then held that the action was moot due to lack of case or controversy. *Id.* (citing *Thompson v. United States,* 2007 U.S. Dist. LEXIS 29596 (N.D. Ga. 2007) (holding that the action was moot because the IRS formally withdrew the summons); *Dame v. United States,* 643 F.Supp. 533, 534 (S.D.N.Y. 1986) (denying a motion to quash as moot after the summons was withdrawn)).

Further, the bankruptcy court in *In re AmFin Fin. Corp.* dealt with a party's request to issue a protective order after the subpoena was withdrawn. 503 B.R. 1 (Bankr. D.D.C. 2014). The court held that it cannot exercise its authority once the subpoena was withdrawn, which also terminated its authority to issue a protective order. *Id.* at *4. Even though the court did not issue an order on the motion to quash the subpoena or on the protective order, the court did indicate that it "would have authority to issue an order, if warranted, awarding costs or sanctions despite the withdrawal of the subpoena." *Id.* at *5 (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395–96 (1990); *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 333 (2d Cir. 1999) ("the imposition of sanctions is an issue collateral to and independent from the underlying case" and for that

---

[1] The parties have not provided any authority that allows a court to retain such jurisdiction when the subpoena has been withdrawn.

reason, "even when a district court lacks subject matter jurisdiction over an underlying action, it still possesses jurisdiction to impose sanctions arising from the underlying case.").

Accordingly, **IT IS HEREBY ORDERED**:

1. The Creditors' subpoenas that were issued to Movants are deemed withdrawn without prejudice.
2. The Motion to Quash Out of District Subpoenas (ECF No. 1) is **MOOT**.
3. The Court **GRANTS** the parties request to withdraw the Motion to Quash Out of District Subpoenas (ECF No. 1) and **VACATES** the motion's briefing schedule order (ECF No. 5).
4. The Court **DENIES** the parties request for the Court to retain jurisdiction as regards future subpoenas due to lack of jurisdiction.
5. This concludes the matter and the Clerk is instructed to close the case.

**IT IS SO ORDERED.**

Dated:  June 24, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge